**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **ALLAN DOUGLAS SCHUBERT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-CV-225-JED-FHM |
| ) | |
| **CURTIS HOOD; JANE STANDIFIRD;** ) | |
| **JOHN DOES # 1, # 2, and # 3,** ) | |
| ) | |
| **Defendants.** ) | |

**OPINION AND ORDER**

On April 19, 2013, Plaintiff, a prisoner appearing *pro se*, filed a 42 U.S.C. § 1983 complaint (Doc. 1). On May 24, 2013, Plaintiff filed a motion to proceed *in forma pauperis* (Doc. 4). By Order filed July 3, 2013 (Doc. 7), the Court granted Plaintiff's motion to proceed *in forma pauperis* and directed him to pay an initial partial filing fee. Plaintiff paid the initial partial filing fee on July 22, 2013. *See* Doc. 10. On July 18, 2013, Plaintiff filed a motion for appointment of counsel (Doc. 8). On August 29, 2013, Plaintiff filed a motion for a ruling on the motion for appointment of counsel (Doc. 11). For the reasons discussed below, the Court finds this complaint is subject to being dismissed without prejudice. However, Plaintiff shall be afforded the opportunity to file a response demonstrating why his complaint should not be dismissed.

As a preliminary matter, the Court denies Plaintiff's motion for appointment of counsel. The Court has discretion to appoint an attorney to represent an indigent plaintiff where, under the totality of the circumstances, the denial of counsel would result in a fundamentally unfair proceeding. *McCarthy v. Weinberg*, 753 F.2d 836, 839-40 (10th Cir. 1985). The Tenth Circuit Court of Appeals

has stated that "'if the plaintiff has a colorable claim then the district court should consider the nature of the factual issues raised in the claim and the ability of the plaintiff to investigate the crucial facts.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *McCarthy*, 753 F.2d at 838). After reviewing the merits of Plaintiff's case, the nature of the factual issues involved, Plaintiff's ability to investigate the crucial facts, the probable type of evidence, Plaintiff's capability to present his case, and the complexity of the legal issues, *see Rucks*, 57 F.3d at 979 (citations omitted); *see also McCarthy*, 753 F.2d at 838-40, the Court denies Plaintiff's motion for appointment of counsel. Hence, Plaintiff's motion for a ruling on the motion for appointment of counsel is moot.

## *BACKGROUND*

### A. Factual background

Plaintiff alleges that on April 19, 2011, "there was a dangerous disturbance at the Dick Conner Corr. Center (DCCC) . . . and several prisoners were sent to medical with injuries consistent with a violent conflict." *See* Doc. 1 at 3-4. Later that night, Plaintiff claims that he and other prisoners of Mexican descent[1] were escorted to the Segregated Housing Unit (SHU) where they were interviewed concerning their knowledge of and involvement in the altercation. *Id.* at 4. None of the prisoners taken to SHU provided information about the incident and they were all immediately transferred to Oklahoma State Penitentiary (OSP), a maximum security facility. *Id.* Plaintiff alleges that, in order to "cover" the racial discrimination, "Defendant Hood instigated a false disciplinary misconduct report" against Plaintiff. Plaintiff further claims that "Defendant Standifird

---

[1] Plaintiff explains that while he has a "European" surname, his father is Mexican and he is listed in DOC's computer database as Hispanic. *See* Doc. 1.

initiated/approved of the transfer of Plaintiff, a Mexican descent [sic], and did not initiate transfer of the whites who were positively identified as participants." *Id.* at 5.  Plaintiff also claims that Defendants Does ## 1, 2, and 3, interfered with and sabotaged his administrative appeal. *Id.*

Based on those allegations, Plaintiff identifies three causes of action, as follows:

Count I:   Racial discrimination with malicious intent; cruel and unusual punishment. 8th Amen., Const. U.S.; 14th Amen. U.S. Const.

Count II:  Racial discrimination and punishment without due process. 14th Amen. U.S. Const.

Count III: Access to courts, due process, cruel and unusual punishment. 1st Amen., 14th Amen., and 8th Amen. Const.

(Doc. 1).  He names five defendants: Curtis Hood, Chief of Security at DCCC (now retired); Jane Standifird, Warden at DCCC (now retired); and John Does ## 1, 2, and 3, all identified as Correctional Officers at OSP. *Id.*  In his request for relief, Plaintiff asks for "(1) nominal damages, (2) actual damages, (3) punitive damages, (4) any other judgments this court sees fit, and (5) any legal fees for attorney representation." *Id.* at 6.

## B. Plaintiff's litigation history

### 1. Prior civil rights action, N.D. Okla.

The Court takes judicial notice that Plaintiff pursued identical claims against Defendants Hood and Standifird in a prior civil rights case filed in this Court: N.D. Okla. Case No. 12-CV-377-CVE-TLW.  The record for that case demonstrates that, by Order filed December 27, 2012, the Court determined that Plaintiff had failed to effect service of process on Defendants Standifird and Hood and that the time for service had expired.  Plaintiff was advised that, unless he demonstrated good cause for his failure to effect service, his claims against Defendants Standifird and Hood would be dismissed without prejudice.  In response to the Court's Order, Plaintiff filed a "motion for leave

of Court to enforce service on Defendants." By Order filed January 16, 2013, the Court determined that both Defendant Hood and Standifird had retired from employment with the Oklahoma Department of Corrections (ODOC), and that the U.S. Marshal had attempted, without success, to obtain forwarding addresses for those defendants. Plaintiff made no further attempt to obtain service on Defendants Hood and Standifird. The Court concluded that Plaintiff had failed to demonstrate good cause for his failure to effect timely service and, as a result, dismissed Defendants Hood and Standifird without prejudice pursuant to Fed. R. Civ. P. 4(m). Approximately three (3) months after Defendants Hood and Standifird were dismissed from Case No. 12-CV-377-CVE-TLW, Plaintiff filed the instant complaint, naming Hood and Standifird as defendants and lodging the same claims against them.

Significantly, the remaining defendants in Case No. 12-CV-277-CVE-TLW prepared and filed a Special Report,[2] along with a motion to dismiss, or in the alternative, motion for summary judgment. In an Opinion and Order filed September 18, 2013, the Court determined that Plaintiff had failed to exhaust administrative remedies as to all seven claims raised in the complaint filed in that case, including the claims against Defendants Hood and Standifird. For that reason, the motion for summary judgment was granted on the issue of exhaustion of administrative remedies. Plaintiff's claims against the defendants were dismissed without prejudice for failure to exhaust

---

[2]The Special Report included a copy of the Disciplinary Hearing Report reflecting that on June 3, 2011, Plaintiff was found guilty of Battery. *See* Doc. 24-3 at 2, N.D. Okla. Case No. 12-CV-377-CVE-TLW. Contrary to Plaintiff's allegations in this case, the finding of guilty was affirmed by the Facility Head on June 6, 2011. *Id.* On June 8, 2011, Plaintiff signed the form acknowledging his receipt of a copy of the disposition. *Id.* The Special Report also included evidence supporting the disciplinary finding of guilty. *See* Doc. 26-1, filed under seal, N.D. Okla. Case No. 12-CV-377-CVE-TLW.

4

administrative remedies. The Court entered judgment in favor of all defendants on September 18, 2013.[3] Plaintiff did not appeal the Court's ruling.

### 2. Prior 28 U.S.C. § 2241 habeas case, E.D. Okla.

The Court also takes judicial notice that Plaintiff has sought habeas corpus relief under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Oklahoma. *See* www.oked.uscourts.gov. In E.D. Okla. Case No. 12-CV-278-RAW-KEW, Plaintiff challenged his misconduct resulting from the events of April 19, 2011. The federal district court found that the state district court's dismissal of Plaintiff's petition for judicial review for failure to exhaust and the Oklahoma Supreme Court's dismissal of Plaintiff's appeal as untimely constituted "independent and adequate" state grounds barring federal review. In addition, the federal district court found Plaintiff had failed to demonstrate cause sufficient to excuse the procedural bar.[4] Therefore, the federal district court dismissed the petition as procedurally barred. Plaintiff appealed the dismissal of his federal habeas corpus petition to the Tenth Circuit Court of Appeals. On October 8, 2013, the Tenth

---

[3] Prior to entry of judgment in favor of defendants in N.D. Okla. Case No. 12-CV-377-CVE-TLW, Plaintiff filed a motion to reconsider the dismissal of Defendants Hood and Standifird for failure to effect timely service of process. However, in the Opinion and Order granting defendants' motion for summary judgment on the issue of exhaustion, the Court determined that Plaintiff's motion to reconsider had been rendered moot based on the finding that Plaintiff had failed to exhaust administrative remedies for all claims raised in the complaint filed in that case, including the claims against Defendants Hood and Standifird.

[4] The federal district court found that Plaintiff "claims he was unable to file a timely appeal of the denial of his petition for judicial review because of violations of his access to the courts. These unsupported, conclusory allegations will not suffice to waive exhaustion or the procedural bar." https://ecf.oked.uscourts.gov/doc1/1451623551.

5

Circuit denied a certificate of appealability and dismissed the appeal. *See Schubert v. Jones*, 2013 WL 5530204 (10th Cir. Oct. 8, 2013) (unpublished).[5]

*ANALYSIS*

**A. Dismissal under 28 U.S.C. § 1915A, § 1915(e)(2)(B)**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id.* at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id.* at 558. *Twombly* articulated the pleading standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P.

---

[5]This and other unpublished opinions are cited herein for persuasive value. *See* 10th Cir. R. 32.1(A).

12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A *pro se* plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *see also Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**B.  Exhaustion of administrative remedies/Issue preclusion (Counts I and II)**

Pursuant to the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This provision applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Moreover, exhaustion of administrative remedies under the PLRA is required for all inmates seeking relief in

federal district court regardless of the type of relief available under the institutional administrative procedure. *Woodford v. Ngo*, 548 U.S. 81 (2006); *Booth v. Churner*, 532 U.S. 731, 741 (2001). The statutory exhaustion requirement is mandatory, and this Court is not authorized to dispense with it. *See Beaudry v. Corr. Corp. of America*, 331 F.3d 1164, 1167 n.5 (10th Cir. 2003). There is no futility exception to § 1997e(a)'s exhaustion requirement. *Booth*, 532 U.S. at 741 n.6 ("[W]e stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

The doctrine of "issue preclusion bars relitigation of matters actually litigated and adjudged, even if there is no final judgment on the merits." *McNally v. Colorado State Patrol*, 122 F. App'x 899, 902-03 (10th Cir. 2004) (unpublished) (citing *Park Lake Res. Ltd. Liability Co. v. U.S. Dept. of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004); *In re Kauffman Mut. Fund Actions*, 479 F.2d 257, 267 (1st Cir. 1973) (holding that dismissal without prejudice still bars relitigation of the "very question which was litigated in the prior action" (quotation omitted))). In this action, Plaintiff repeats claims against Defendants Hood and Standifird which are identical to the claims asserted and dismissed without prejudice in his previous § 1983 action. As determined in N.D. Okla. Case No. 12-CV-377-CVE-TLW, Plaintiff failed to exhaust administrative remedies for his claims against Defendants Hood and Standifird. As a result of that prior ruling, the doctrine of issue preclusion bars further litigation of the issue of exhaustion of administrative remedies in this action. However, Plaintiff shall be afforded the opportunity to show cause why his claims against Defendants Hood and Standifird should not be dismissed as barred by issue preclusion based on the Court's prior determination that Plaintiff had failed to exhaust administrative remedies.

**C. Claim against "John Doe" defendants (Count III)**

In Count III of his complaint, Plaintiff alleges that he was denied his rights to access the courts and to due process, and subjected to cruel and unusual punishment, in violation of the 1st, 14th, and 8th Amendments to the United States Constitution. *See* Doc. 1. Plaintiff's claim focuses on the conduct of three (3) John Doe defendants who allegedly interfered with his effort to perfect an appeal after Plaintiff was found guilty of Battery at the conclusion of his disciplinary hearing. His specific allegations are as follows:

> Plaintiff was formally charged with battery on May 19, 2011. The misconduct hearing was on June 3rd, 2013 [sic] at the Oklahoma State Penitentiary. There was no evidence supporting the misconduct -- no confidential statements or confessions -- and Plaintiff submitted/proposed four (4) pieces of exculpatory evidence. The reversal of the misconduct was inevitable.
> On June 6th, 2011, Plaintiff had copies of the misconduct appeal made by the law library and sent the appeal to the warden on June 7th, 2011. Defendants Does # 1, 2, and 3 were on duty NE-6, H-Block and picked up Plaintiff's appeal, which then somehow disappeared.
> Because of the sabotage/disappearance of the appeal, Plaintiff has not been given any review in the administration of ODOC, two (2) state courts, and the federal court. This has caused Plaintiff an excessive amount of legal fees, resulted in Plaintiff's continued incarceration, and has caused physical and mental pain. Because of Does # 1, 2, and 3, Plaintiff has had three (3) litigations dismissed for failure to exhaust administrative remedies.

*See* Doc. 1.

As a preliminary matter, the Court notes that almost ten (10) months have passed since Plaintiff filed his complaint and he has not sought leave to amend his complaint to identify the three (3) "John Doe" defendants. Pursuant to Fed. R. Civ. P. 10(a), a caption of a complaint must include the names of all parties. The "Federal Rules of Civil Procedure do not explicitly allow the naming of fictitious or anonymous parties in a lawsuit [therefore,] 'an action may be dismissed if the defendant is not sufficiently identified to permit service of process.'" *Culp v. Williams*, 2011 WL

9

1597686 at *3 (D. Colo. Apr. 27, 2011) (unpublished) (quoting *Stratton v. City of Boston*, 731 F. Supp. 42, 45 (D. Mass. 1989)), *aff'd*, 456 F. App'x 718 (10th Cir. 2012) (unpublished); *see also* 2 James Wm. Moore et al., Moore's Federal Practice § 10.02[2][d] at 10–16 (3d ed. 2010) ("The court will not permit use of the 'Doe' designation for a defendant if the plaintiff's ignorance of the defendant's true identity is the result of willful ignorance or lack of reasonable inquiry. If reasonable inquiry would have revealed the true identity, a pleading naming John Doe defendants will be dismissed."). As a result, Plaintiff's claim against the three (3) defendants identified only as "John Doe" is subject to being dismissed. Furthermore, even if Plaintiff knows the identity of the three (3) "John Does," his allegations against them are conclusory and speculative. For that reason, the allegations are insufficient to support Plaintiff's claim of constitutional rights violations.

Lastly, the Court notes that even if Plaintiff's appeal to the warden "somehow disappeared" through no fault of Plaintiff's own, he had an available administrative remedy: to request a disciplinary appeal out of time. *See* Submitting a Disciplinary Appeal Out of Time, OP-060125, Section VI (providing procedure for requesting a disciplinary appeal out of time and requiring offender to prove by "substantial evidence" that he failed to submit a timely disciplinary appeal "through absolutely no fault of [his] own") (viewed at www.ok.gov/doc/). Plaintiff does not claim that he pursued that course of action.

For the reasons discussed above, Plaintiff's claim against the John Doe defendants is subject to being dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiff will be afforded an opportunity to show cause why his claim should not be dismissed.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff's motion for appointment of counsel (Doc. 8) is **denied**.

2. Plaintiff's motion for a ruling on the motion for appointment of counsel (Doc. 11) is **declared moot**.

3. Within twenty-one (21) days of the entry of this Order, or by **March 3, 2014**, Plaintiff shall file a response demonstrating that: (1) his claims against Defendants Hood and Standifird should not be dismissed as barred by issue preclusion based on the prior dismissal without prejudice of identical claims for failure to exhaust administrative remedies, entered in N.D. Okla. Case No. 12-CV-377-CVE-TLW, and (2) his claim against John Does ## 1, 2, and 3 should not be dismissed for failure to state a claim upon which relief may be granted.

ORDERED THIS 10th day of February, 2014.

*[signature]*
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE